Douglas R. Pahl, OSB No. 950476
DPahl@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: +1.503.727.2000
Email: dpahl@perkinscoie.com

Alan L. Braunstein, Esq. (pro hac vice)
RIEMER & BRAUNSTEIN LLP
100 Cambridge Street, 22nd Floor
Boston, Massachusetts 02114
Tel: (617) 880-3516
Email: abraunstein@riemerlaw.com

*Attorneys for Petitioning Creditors*

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>SORTIS HOLDINGS, INC.,<br><br>　　　　　Alleged Debtor.<br>. | Bankruptcy Case No. 24-33149-thp7<br><br>**JOINT NOTICE OF INTENT AND MOTION TO DISMISS INVOLUNTARY PETITION UPON CONSENT OF ALL PETITIONERS AND THE ALLEGED DEBTOR PURSUANT TO 11 U.S.C. § 303(J)(2).** |

**NOTICE**

If you oppose the relief sought in this motion, you must file a written objection with the bankruptcy court no later than 14 days after the date listed in the certificate of service below. If you do not file an objection, the court may grant the motion without further notice. Your objection must set forth the specific grounds for objection and your relation to the case. The objection must be received by the clerk of court at 1050 SW 6th Ave #700, Portland, OR 97204 by the deadline specified above. The bankruptcy court has scheduled a hearing for February 25, 2025, at 9:00 a.m. at the above address in Courtroom 4.

PAGE 1-　JOINT NOTICE OF INTENT AND MOTION TO
　　　　　DISMISS INVOLUNTARY PETITION

PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

170741614.1

## MOTION

Pursuant to 11 U.S.C. § 303(j)(2), Petitioning creditors GEC Fellow Barber Fund I, LP, Scott Kasen, and Gary Furst, and George Kassapakis, and jointly with the alleged debtor, Sortis Holdings, Inc., respectfully submit this Joint Notice of Intent and Motion to Dismiss Involuntary Petition Upon Consent of all Petitioners and the Alleged Debtor Pursuant to 11 U.S.C. § 303(j)(2) (the "Motion"). In support of the Motion, Petitioners and Sortis Holdings state as follows.

## INTRODUCTION

Petitioners filed the Involuntary Petition on November 12, 2024. In turn, Sortis Holdings filed its Answer on December 6, 2024. While preparing for the evidentiary hearing, Petitioners engaged in settlement discussions. Those discussions expanded to include additional parties and were ultimately successful, including the agreement of Petitioners and Sortis Holdings to jointly seek dismissal of the Involuntary Petition.

The material terms of the settlement are set forth below. In short, through broad mutual releases, the settlement eliminates nearly $12.8 million in unsecured claims against Sortis Holdings (by facilitating a $4 million collateral disposition and $8.8 million of debt relief from the GEC petitioning creditors, plus $100,000 of debt relief from settling party Will Tiggart, plus $40,000 of debt relief from petitioning creditor George Kassapakis), accounting for approximately 50% of its outstanding unsecured debt, and ends costly litigation pending in New York state court. The cost to the estate of these and other benefits is a $300,000 cash payment to Petitioners, backed by collateral and guarantees provided by a non-debtor subsidiary of Sortis Holdings.

The Motion seeks dismissal of the Involuntary Petition. The Motion does not seek the Court's approval of the underlying settlement agreement, although the material terms of the

PAGE 2 -  JOINT NOTICE OF INTENT AND MOTION TO
DISMISS INVOLUNTARY PETITION

**PERKINS COIE LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax:  +1.503.727.2222

170741614.1

settlement are disclosed in this Motion. The timing of the implementation of the settlement agreement is triggered by the Court's entry of a final, non-appealable order dismissing the Involuntary Petition.

Pursuant to 11 U.S.C. § 303(j)(2), an involuntary petition can be dismissed, following notice to all creditors and a hearing, upon the consent of all creditors and the alleged debtor. For the reasons set forth below, all Petitioners joined by the alleged debtor, request dismissal of the Involuntary Petition. Notice, as set forth above, is being provided to all creditors as listed by the alleged debtor (ECF 55).

## BACKGROUND

1. On November 12, 2024, GEC Fellow Barber Fund I, LP, a Delaware limited partnership, Scott Kasen, Gary Furst, and George Kassapakis (the "Petitioners") filed a Chapter 7 involuntary bankruptcy petition against Sortis Holdings, Inc., a Delaware corporation ("Sortis Holdings"), in the United States Bankruptcy Court, District of Oregon, Case No. 24-33149-thp7 (the "Involuntary Petition").

2. In the Involuntary Petition, George Kassapakis alleged that Sortis Holdings owed him a balance of $40,000, arising out of that certain Merger Agreement dated as of March 15, 2022, by and between Sortis Holdings, Inc., and See See Coffee, Inc., of which Kassapakis alleged he was a beneficiary (the "See See Merger Agreement").

3. In the Involuntary Petition, GEC Fellow Barber Fund I, LP, Scott Kasen, and Gary Furst (the "GEC Petitioners") alleged that Sortis Holdings owed them a deficiency balance under certain promissory notes (the "Notes") executed by Sortis Holdings as part of that certain Merger Agreement dated July 14, 2022 (the "Fellow Barber Merger Agreement"). Pursuant to the Fellow

PAGE 3 - JOINT NOTICE OF INTENT AND MOTION TO DISMISS INVOLUNTARY PETITION

**PERKINS COIE LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

170741614.1

Barber Merger Agreement, Generation Equity Capital, LLC, a Delaware limited liability company (the "Collateral Agent"), was appointed to serve as the Collateral Agent, with power of attorney, for the GEC Petitioners and other holders of the Notes, including with regard to collateral consisting of stock in SOHI Fellow Barber, Inc., a New York corporation (the "SOHI Fellow Barber Shares") and certain intellectual property of SOHI Fellow Barber, Inc. (the "SOHI Fellow Barber IP"). Sam Buffa and William Tigertt were also parties to the Fellow Barber Merger Agreement.

4. The Collateral Agent purchased the SOHI Fellow Barber Stock in an August 15, 2024 Uniform Commercial Code Article 9 sale (the "UCC Sale"). The Collateral Agent calculated a $4,000,000 fair market value adjustment, resulting in Sortis Holdings owing a deficiency amount of $8,851,674.42 to all noteholders under the Fellow Barber Merger Agreement as of the November 12, 2024, Involuntary Petition date. Sortis Holdings disputes this amount.

5. On December 6, 2024, Sortis Holdings filed a lawsuit against Sam Buffa, Generation Equity Capital, LLC, GEC Fellow Barber Fund I, LP, Scott Kasen, Luis Loboguerrero, Jacob Furst, individually and in his capacity as guardian for S.F., a minor, Eric Alani, in his capacity as guardian for D.A., L.A., and N.A., each a minor, Gary Furst, and Ethel Furst (the "Defendants") in the Supreme Court of the State of New York County of New York, Case Index Number 659506/2024, alleging fraud among other claims (the "NY Action").

6. On December 6, 2024, Sortis Holdings also filed in this Court an Answer to the Involuntary Petition, attaching its complaint in the NY Action an exhibit. In its Answer, Sortis Holdings alleged that the GEC Petitioners lacked standing to be petitioning creditors in the

PAGE 4 -  JOINT NOTICE OF INTENT AND MOTION TO DISMISS INVOLUNTARY PETITION

**PERKINS COIE LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

170741614.1

involuntary proceeding because their claims were subject to bona fide disputes, as reflected, in part, by the allegations contained in the NY Suit.

7. In the NY Action, Sortis Holdings also asserted claims against Sam Buffa ("Buffa"). Buffa, in return, asserts certain claims against Sortis Holdings, including but not limited to a claim for unpaid wages. Sortis Holdings disputes these claims.

8. William Tigertt ("Tigertt") asserts certain monetary claims against Sortis Holdings, including but not limited to a claim for an unpaid promissory note in the principal amount of $100,000. Sortis Holdings disputes these claims.

9. In its Answer, Sortis Holdings also asserted that Petitioner Kassapakis lacked standing to be a petitioning creditor because his claim for $40,000 was subject to bona fide dispute. Kassapakis owns the real property at 1642 NE Sandy Blvd, Portland, OR 97232, which he previously leased to a subsidiary of Sortis Holdings to operate a See See Coffee store, pursuant to an unsigned lease (the "Sandy Blvd Lease"). In its Answer, Sortis Holdings alleged that all claims asserted by Kassapakis under the See See Merger Agreement, the Sandy Blvd Lease, and any other claims between the parties, were previously settled. Kassapakis disputes his $40,000 claim was settled.

10. On January 13, 2025, the Petitioners and Sortis Holdings informed the Court they had agreed on settlement terms and intended to move to dismiss the Involuntary Petition pursuant to Section 303(j). The Court instructed Sortis Holdings to file a full list of creditors, and instructed Petitioners to file and serve on all creditors its notice and motion to dismiss setting forth the material terms of the settlement.

PAGE 5 -  JOINT NOTICE OF INTENT AND MOTION TO DISMISS INVOLUNTARY PETITION

PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

170741614.1

11. On January 23, 2025, Sortis Holdings produced a list of its creditors utilizing the broad definition of claim set forth contained in the Bankruptcy Code. 11 U.S.C. § 101(5). Sortis Holdings' CFO Jarke Frey estimated that the settlement with the Petitioner "will resolve approximately 50% of SOHI's creditors' claims, as the term 'claim' is defined in the Bankruptcy Code, and that it will resolve a significantly higher percentage of SOHI's creditors' claims, based on pending negotiations and with most of SOHI's major creditors." (ECF 55, p. 2).

## SETTLEMENT

The material terms of the settlement are as follows:

- **Parties**: The parties to the settlement agreement are Petitioners, Defendants, William Tigertt, Sortis Holdings, and a wholly-owned subsidiary of Sortis Holdings ("SH Subsidiary").

- **Releases and disclaimers**: The settlement agreement includes broad mutual releases and disclaimers.

- **Dismissal of NY Action**: After the filing of this motion, Sortis Holdings will dismiss, without prejudice, the NY Action. After this Court's entry of a final, non-appealable order dismissing the Involuntary Petition, Sortis Holdings will take any further action necessary to achieve dismissal of the NY Action with prejudice.

- **Consideration**: After this Court's entry of a final, non-appealable order dismissing the Involuntary Petition, Sortis Holdings, through an escrow, will pay the Petitioners $300,000 in cash and transfer to Petitioners 400,000 units of a subsidiary business of Sortis Holdings ("SH Business") common stock ("SH Transferred Units"), with

PAGE 6 -  JOINT NOTICE OF INTENT AND MOTION TO DISMISS INVOLUNTARY PETITION

PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

170741614.1

liquidation rights and protections and a nominal value of $1 per unit. The SH Transferred Units will be contributed by SH Subsidiary.

- **Right to repurchase**: The SH Transferred Units are subject to Sortis Holdings' right of repurchase within six months for a cash payment of $200,000, and within twelve months for a cash payment of $300,000.

- **Collateral**: Sortis Holdings' cash payment will be secured by an additional 400,000 units in SH Business (the "SH Collateral Units") with liquidation rights and protections. These additional SH Collateral Units will be placed in escrow and subject to a security agreement. If Sortis Holdings does not timely make the cash payment, the SH Collateral Units will be disbursed from escrow to Petitioners. And upon payment by Sortis Holdings, the SH Collateral will be released from escrow and returned to Sortis Holdings.

- **Lender consent**: The SH Transfer Units and the SH Collateral Units constitute lender collateral, and the secured lender will provide its consent for the pledge and transfer of the SH Transfer Units and the SH Collateral Units pursuant to the settlement.

- **SH Business liquidation**: In the event of a liquidation or deemed liquidation of SH Business, Sortis Holdings and SH Subsidiary contractually commit that Petitioners will receive liquidation distributions associated with the SH Transfer Units and the SH Collateral Units.

- **Sortis Shares**: The Petitioners that hold Sortis Holdings shares and other parties associated with the settlement will return to Sortis Holdings the shares they hold in Sortis Holdings.

PAGE 7 -  JOINT NOTICE OF INTENT AND MOTION TO DISMISS INVOLUNTARY PETITION

**PERKINS COIE LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

170741614.1

- **Kassapakis equipment**: Kassapakis will be permitted to retain certain equipment located at the Sandy Blvd Lease location.

- **Dismissal of Involuntary Petition**: The parties have agreed to file this joint notice and motion to dismiss the Involuntary Petition. The parties agree that they do not seek the bankruptcy court's approval of the settlement agreement, and the effectiveness of the settlement agreement is not contingent upon the bankruptcy court's approval. The agreement does require dismissal of the Involuntary Petition, following which the parties intend to pursue their legal remedies, if any, under applicable state law.

## DISCUSSION

Section 303(j) provides:

> Only after notice to all creditors and a hearing may the court dismiss a petition filed under this section—
>
> (1) on the motion of a petitioner;
>
> (2) on consent of all petitioners and the debtor; or
>
> (3) for want of prosecution.

11 U.S.C. § 303(j).

"Thus, the statutory scheme contemplates that relief will be granted immediately if no timely response is filed, or dismissed by motion or consent after notice and a hearing." *In re Mitchell*, 2012 WL 5995443, *5 (Bankr. D. Colo. 2012).

The Petitioners and Sortis Holdings, the alleged debtor, seek dismissal under Section 303(j)(2): "on consent of all petitioners and the debtor[.]" Such relief requires notice to all creditors and a hearing. Both requirements will be satisfied, as this Notice and Motion will be served on all

PAGE 8 - JOINT NOTICE OF INTENT AND MOTION TO DISMISS INVOLUNTARY PETITION

170741614.1

**PERKINS COIE LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

creditors, and the Court has set a hearing for February 25, 2025. The Motion seeks only dismissal, not approval of the underlying settlement.

The notice will permit creditors to assess whether they wish to seek an order for relief. "The purpose of requiring notice to all creditors and a hearing prior to dismissal of an involuntary petition is to avoid the filing of involuntary cases followed by collusive settlements among the debtor and the petitioning creditors while other creditors, that wish to see relief ordered with respect to the debtor but that did not participate in the case, are left without sufficient protection." *In re Wayne Sport Haus, Ltd*., 27 BR 521, 522 (Bankr. E.D. Mich. 1983) (internal quotations and citations to legislative history omitted).

As this Court has observed: "Such collusive settlements are avoided *by permitting creditors who are not being fairly treated to intervene if they are eligible to join as petitioning creditors*. Thus, the purpose of Rule 303(j) is to protect nonpetitioning creditors, not the debtor or the petitioning creditors." *In re Rajneesh Neo-Sannyas Intern. Commune*, 59 BR 49, 51-52 (Bankr. D. Or. 1986)(emphasis added).

In *Rajneesh*, Judge Elizabeth Perris noted that, like here, "no eligible additional creditors have joined as petitioning creditors." *Id*. at 52. In sounding out the uncharted parameters of dismissal under 303(j), Judge Perris concluded that "[a] creditor which is ineligible to join as a petitioning creditor because its claim is contingent or subject to bona fide dispute, should not be permitted to force a creditor to proceed with an involuntary petition." *Id*. at 52. While no creditor has emerged to suggest that Petitioners should be forced to proceed with the Involuntary Petition, the concept is helpful in assessing the present Motion.

PAGE 9 - JOINT NOTICE OF INTENT AND MOTION TO DISMISS INVOLUNTARY PETITION

**PERKINS COIE LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

170741614.1

The Court also set a bright line for dismissal that is applicable in this case: "If dismissal would simply restore the parties to their legal remedies under state law, dismissal would be appropriate." *Id., citing In re International Airport Inn Partnership*, 517 F.2d 510 (9th Cir.1975). "Unfortunately," the petitioning creditor in *Rajneesh* was "unwilling to allow dismissal unless the Court also approves the settlement described above and delays entry of the dismissal order until after the creditors with liquidated claims are paid pursuant to the settlement agreement." *Id*. The Court reviewed the merits of the proffered settlement, and declined to approve it because it was not in the "best interests of the estate as a whole." *Id., citing In re Blue Coal Corp.*, 47 B.R. 758, 762 (Bankr.M.D.Pa.1985). The Court declined to approve the settlement in the *Rajneesh* case "because it does not assure equal treatment for the unsecured creditors who would share pro-rata in a Chapter 7." *Id*.

The *Rajneesh* decision provides a helpful contrast to the present case. The Petitioners here, joined by a number of additional creditors, have agreed to settlement terms with the alleged debtor. The Motion simply seeks dismissal of the Involuntary Petition by the consent of all four Petitioners and the alleged debtor, in pure compliance with Section 303(j)(2). Unlike the petitioning creditor in *Rajneesh,* the Motion does not seek this Court's approval of the settlement agreement. As stated by in that decision, "[i]f dismissal would simply restore the parties to their legal remedies under state law, dismissal would be appropriate." *Rajneesh*, 59 BR at 52. The Motion seeks no more than dismissal, leaving the parties to pursue their state law remedies, if any, following the settlement. The only interaction between the settlement and the bankruptcy court is that the implementation of the terms of the settlement is triggered by the entry by the Court of a final non-appealable order dismissing the case.

PAGE 10 - JOINT NOTICE OF INTENT AND MOTION TO DISMISS INVOLUNTARY PETITION

**PERKINS COIE LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

170741614.1

Moreover, the settlement is highly beneficial to the estate. The resolution cuts in half, or better, the outstanding unsecured debts of the alleged debtor. The cash consideration represents a 3% return for the Petitioners, approximately the amount of costs and fees that Petitioners would have sought as administrative claims under Section 303(i).

It is possible Sortis Holdings elects not to pay the cash consideration. In that case the consideration under the settlement agreement will be comprised entirely of equities in a non-debtor business that will be contributed by a non-debtor subsidiary, and such equities are the collateral of a non-debtor lender. The equities carry a nominal value of $1 per unit, but their actual value is difficult to assess.

In the event of a sale of the SH Business, the shares will be entitled to a liquidation preferences, which will be paid from the proceeds of the sale. In the event of a low price paid upon liquidation of SH Business, the settlement agreement provides that SH Subsidiary and Sortis Holdings will be contractually obligated to pay the liquidation preference. Such a shortfall amount could reach, but not exceed, $1.2 million. The timing and sale price of such a liquidation event for SH Business is uncertain. Even in the worst-case event, the settlement remains highly beneficial, as it results in the release of $9 million in unsecured debt in exchange for a contingent and shared unsecured liability of $1.2 million. Even on a dollar-for-dollar comparison, the settlement amounts to an 86% reduction in unsecured claims of Petitioners, a result that is highly beneficial to the estate.

The settlement also resolves expensive and distracting legal proceedings involving both the alleged debtor and the Petitioners. The resolution of these proceedings, including this proceeding and the NY Action, benefit not only the parties involved, but also third-party

PAGE 11 - JOINT NOTICE OF INTENT AND MOTION TO DISMISS INVOLUNTARY PETITION

**PERKINS COIE LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

170741614.1

stakeholders in the estate and those involved with the Petitioners. In preparing for the evidentiary hearing, the Petitioners and Sortis Holdings gained an appreciation for the costs and challenges in completing such a proceeding. In light of those costs and challenges, the parties negotiated a resolution and unanimously seek dismissal.

Creditors will receive notice of this Motion and the pending settlement. The Motion demonstrates that the balance sheet of Sortis Holdings will be healthier following the dismissal of the Involuntary Petition and completion of the settlement. Broad mutual releases will be implemented. The costs and distractions of this proceeding and litigation will be eliminated. Sortis Holdings' stock will be returned.

The Court and creditors will note that the Petitioners and the alleged debtor are not disclosing the settlement agreement and accompanying documents. They are not revealing the identities of SH Business or SH Subsidiaries. They believe these precautions are appropriate under the circumstances. The material terms of the settlement are set forth above. This description illuminates the material terms that relate to the alleged debtor. The identity of the non-debtor participants need not be disclosed to assess the obligations undertaken and relieved pursuant to the settlement agreement. In addition, the Motion does not seek approval of the settlement agreement. Finally, the Court's order (ECF 48) required Petitioners' Notice and Motion to "describe all of the material terms of the settlement." The Motion complies with that directive.

Should the Court require further disclosures, Petitioners and Sortis Holdings request that an expedited status conference be set to address alternatives to maintain sensitive business information.

PAGE 12 - JOINT NOTICE OF INTENT AND MOTION TO
DISMISS INVOLUNTARY PETITION

**PERKINS COIE LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

170741614.1

## CONCLUSION

Pursuant to Section 303(j)(2), Petitioners and Sortis Holdings unanimously consent to and request the dismissal of the Involuntary Petition following notice to all creditors and a hearing before this Court. They have reached a consensual resolution, the material terms of which are described above, and they do not seek the Court's approval of those settlement terms. Aside from satisfying the dismissal standard set forth in Section 303(j)(2), the settlement is beneficial to the estate on numerous levels as described above.

Respectfully submitted.

DATED:  January 30, 2025.

**PERKINS COIE LLP**

By: */s/ Douglas R. Pahl*
Douglas R. Pahl, OSB No. 950476
DPahl@perkinscoie.com
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: +1.503.727.2000

Alan L. Braunstein, Esq. (pro hac vice)
RIEMER & BRAUNSTEIN LLP
100 Cambridge Street, 22nd Floor
Boston, Massachusetts 02114
Tel: (617) 880-3516
Email: abraunstein@riemerlaw.com

*Attorneys for Petitioning Creditors*

/s/ Joseph A. Field
Joseph A. Field, OSB #940710
Field Jerger LLP
joe@fieldjerger.com
PO Box 13326
Portland, Oregon 97213
Tel. (503) 503 515 3310

*Attorneys for Alleged Debtor*
Sortis Holdings, Inc.

PAGE 13 - JOINT NOTICE OF INTENT AND MOTION TO
DISMISS INVOLUNTARY PETITION

170741614.1

PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

## **VERIFYING DECLARATIONS**

I am a partner at the law firm of Perkins Coie, LLP and am the lead attorney responsible for the representation of the Petitioners and non-appearing settling parties in the above-captioned proceeding. I have personal knowledge of the facts stated herein, and am competent to testify regarding these facts. I make this declaration in conformance with applicable sections of the Bankruptcy Code and Bankruptcy Rules. I declare under the penalty of perjury that to the best of my knowledge the foregoing is true and correct.

Executed on JANUARY 30, 2025

/s/ Douglas R. Pahl
Douglas R. Pahl

I am the managing partner at the law firm of Field Jerger LLC and am the lead attorney responsible for the representation of Sortis Holdings, Inc. in the above-captioned proceeding. I have personal knowledge of the facts stated herein, and am competent to testify regarding these facts. I make this declaration in conformance with applicable sections of the Bankruptcy Code and Bankruptcy Rules. I declare under the penalty of perjury that to the best of my knowledge the foregoing is true and correct.

Executed on JANUARY 30, 2025

/s/ Joseph A. Field
Joseph A. Field

PAGE 14 - JOINT NOTICE OF INTENT AND MOTION TO DISMISS INVOLUNTARY PETITION

170741614.1

**PERKINS COIE LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222